```
          IN THE UNITED STATES DISTRICT COURT
             WESTERN DISTRICT OF ARKANSAS
                  FAYETTEVILLE DIVISION
```

UNUM LIFE INSURANCE COMPANY
OF AMERICA                                              PLAINTIFF

         v.            Civil No. 13-5099

VINCENTE M. ALAMOS                                      DEFENDANT

### MEMORANDUM OPINION

Now on this 16th day of January 2014, comes on for consideration plaintiff's **Motion for Summary Judgment** (document #12). The Court, being well and sufficiently advised, finds and orders as follows with respect thereto:

1.  On May 16, 2013, plaintiff Unum Life Insurance Company of America (Unum) brought this action against defendant Vincente M. Alamos (Mr. Alamos) pursuant to 29 U.S.C. § 1132, seeking equitable relief to enforce the terms of a group long-term disability policy.

2.  Unum filed its motion for summary judgment on September 5, 2013, arguing that it is entitled to restitution of an amount overpaid to Mr. Alamo due to Social Security benefits he received in addition to disability payments under the policy.

3.  Mr. Alamos contests the motion and asserts there remain genuine issues of fact for trial.

                            FACTS

4.  These are the undisputed material facts:

(a) Unum issues, administers, and underwrites long-term

disability policies governed by the Employment Retirement Income Security Act of 1974 (ERISA).

(b) Mr. Alamos was covered under a Unum group long-term disability policy ("the policy") during his employment with Reliable Insurance Company.

(c) The policy was governed by ERISA.

(d) Specifically, the policy provided benefits equal to 60% of a claimant's basic monthly earnings reduced by certain income benefits such as Social Security, workers' compensation, and pension.

(e) The policy explained how a claimant's monthly benefit was figured:

> We will follow this process to figure your payment:
>
> 1. Multiply your monthly earnings by 60%.
> 2. The maximum monthly benefit is $1,500.
> 3. Compare the answer from Item 1 with the maximum monthly benefit. The lesser of these two amounts is your gross disability payment.
> 4. Subtract from your gross disability payment any other income benefits.
>
> The item figured in Item 4 is your monthly payment.
>
> *  *  *
>
> WHAT ARE OTHER INCOME BENEFITS?
>
> Unum will subtract from your gross disability payment the following other income benefits: . . .
>
> 3. The amount that you, your spouse and your children receive or are entitled to receive as disability payments because of your disability under:
>
>    -The United States Social Security Act . . .

(f) If Unum determined that a claimant qualified for a deductible source of income, Unum would estimate the amount of the deductible source of income and reduce a claimant's monthly benefit by that amount until an award or denial was made.

(g) However, Unum would not reduce a claimant's monthly payment if a claimant applied for disability benefits under a deductible source of income and the claimant chose to forego an estimated monthly reduction.

(h) Social Security benefits were a deductible source of income under Mr. Alamos' policy.

(i) Mr. Alamos became disabled in May 2006.

(j) Between September 20, 2006, and September 19, 2011, Mr. Alamos received long-term disability benefits under his policy in the amount of $1,500 per month, which amounted to 60% of his basic monthly earnings.

(k) On December 25, 2006, Mr. Alamos signed a Disability Payment Options/Reimbursement Agreement form. However, Mr. Alamos did not select either the option to forego deductions for other sources of income or the option to have Unum reduce his monthly long-term disability benefit based on an estimate of his other sources of income. According to the form, when no option is selected, the default option is for Unum to estimate other sources of income and deduct those amounts from the long-term disability benefits.

(k)  Unum did not initially make any deductions from its disability payments to Mr. Alamos.

(l)  During the time Mr. Alamos received long-term disability benefits through Unum, he applied for and was awarded Social Security benefits dating back to December 1, 2006.

(m)  When Unum learned that Mr. Alamos had received an award of Social Security disability benefits, Unum notified Mr. Alamos of overpayment and indicated his options for repayment. Despite repeated requests, Unum was never reimbursed for the overpayment to Mr. Alamos.

(n)  Unum filed this action under 29 U.S.C. § 1132 to recover $49,218.33 in overpaid benefits and now moves for summary judgment.

(O)  Mr. Alamos denies that Unum is entitled to any judgment.

## DISCUSSION

5.  Summary judgment is appropriate only where there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. **Fed. R. Civ. P.56(a)**. Once the moving party has satisfied its initial burden of identifying those portions of the pleadings, discovery, and affidavits which demonstrate the absence of a genuine issue of material fact, the nonmoving party must go beyond the pleadings and, by its own affidavits or discovery, set out specific facts showing a genuine issue for trial. **Celotex Corp. v. Catrett**, **477**

**U.S. 317, 323 (1986).** If the nonmoving party fails to do so, the moving party is entitled to judgment as a matter of law. **Id.**

6. Under **29 U.S.C. § 1132(a)(3),** a fiduciary of an ERISA-governed plan may bring a civil action seeking equitable relief to redress violations or enforce provisions of ERISA or the terms of the plan. A claim for equitable relief must seek recovery through a constructive trust or equitable lien on a specifically identified fund in the defendant's possession. **See Sereboff v. Mid Atlantic Med. Servs., Inc., 547 U.S. 356, 362-63 (2006).** A claim for reimbursement of overpayments resulting from payment of Social Security benefits constitutes a claim for equitable relief. **Dillard's v. Liberty Life Assurance Co., 456 F.3d 894, 901 (8th Cir. 2006).**

7. In this case, Unum seeks reimbursement of overpayments made to Mr. Alamos as a result of Social Security benefits he received during the time he received benefits under the policy. Thus, Unum's claim is considered equitable in nature and is appropriate under ERISA.

8. In addressing the merits of its motion, Unum relies on two cases.

(a) **Dillard's**, cited above, is presented for its proposition that Unum's claim for reimbursement constitutes a claim for equitable relief under ERISA. The facts of Dillard's are similar to the facts of this case, and ultimately, the Eighth Circuit

affirmed the district court's award of restitution for overpayments resulting from the receipt of Social Security benefits. In discussing that issue, the Eighth Circuit addressed only whether the relief sought was equitable in nature.

(b) Unum also cites an unreported case from the Eastern District of Kentucky, **Unum Life Ins. Co. v. Miller**, **No. 2:11-129-DCR, 2012 WL 3099997 (E.D. Ken. July 30, 2012)**, with facts nearly identical to the facts of this case. In that case, Miller was a participant in a group disability insurance policy under Unum when he became disabled. **Miller, 2012 WL 3099997 at 1.** Unum approved Miller's claim for disability benefits and began making payments. **Id.** Miller submitted a benefit payment option/reimbursement form regarding his pending Social Security claim in which he requested that Unum estimate the amount of deductible benefits he would receive and reduce his disability benefit accordingly. **Id.** However, because Miller had indicated that he was denied Social Security benefits, Unum continued to make full payments. **Id.**

While receiving disability benefits from Unum, Miller's Social Security claim was approved, and he received two lump sum payments for retroactive benefits. **Id.** Upon notification of the award, Unum demanded reimbursement for its overpayment, but Miller refused. **Id.** Unum then sought equitable restitution. **Id.** The Court, finding that the reimbursement agreement was not a binding contract, determined that Unum was entitled to reimbursement for

-6-

the overpaid benefits. **Id. at 6**.

9. Mr. Alamos first argues that the cases Unum relies on are inapplicable.

(a) First, he contends that Dillard's is distinguishable because it dealt with other issues, including whether the defendant was actually disabled.

Notwithstanding the other issues addressed in Dillard's, the case clearly conveys that Social Security benefits constitute a separate fund from which a fiduciary can claim equitable restitution for overpayment. As that is the proposition for which Unum cited the case, the Court finds Mr. Alamos's argument on this point without merit.

(b) Mr. Alamos also argues that Miller does not control the instant case because the decision was not from the Eighth Circuit.

While he is correct that the case law is not binding on this Court, Miller can be considered as persuasive authority. The Court notes that neither party has cited an Eighth Circuit case with issues so similar to this case.

10. Mr. Alamos goes on to argue that Unum is precluded from seeking reimbursement because it failed to deduct an estimated amount from its payments, as indicated on the reimbursement agreement. However, he cites no authority for this contention.

11. The policy clearly states that "Unum has the right to recover any overpayments due to fraud; any error Unum makes in

processing a claim; and [the participant's] receipt of other income benefits." (Policy, Ex. A at LTD-CLM-2, document #12-1). While the reimbursement form allows an employee to indicate the method of reimbursement he wants Unum to use, it does not purport to supercede the language of the policy. Thus, Mr. Alamos was on notice at all times that he would be required to reimburse Unum for any Social Security benefits that were not deducted from Unum's disability payments.

A court in the Eastern District of Arkansas recently addressed the same issue and came to the same conclusion. In **Anderson v. Unum Life Insurance Company**, No. 5:12-cv-208-SWW, 2014 WL 130490 (E.D. Ark. Jan. 14, 2014), Anderson -- an employee receiving disability benefits from Unum -- sued for a determination that Unum was not entitled to reimbursement for overpayment resulting from Social Security benefits, and Unum counterclaimed, seeking equitable restitution. **Anderson, 2014 WL 130490 at 1.** Anderson had signed a reimbursement agreement, choosing to allow Unum to deduct an estimated amount of future sources of other income. **Id.** However, Unum did not do so, and when it later learned that Anderson received Social Security benefits for the time Unum paid benefits, it demanded reimbursement. **Id. at 2.**

Anderson argued that, by not deducting an estimated amount from her payments, Unum had breached a contractual duty and slept

-8-

on its rights, thereby prejudicing her. **Id. at 3**. The court disagreed, citing Miller and finding that Unum did not represent that it was contractually bound to reduce Anderson's payments if she selected that option. **Id. at 4**. Accordingly, the court entered judgment in favor of Unum for the amount of its overpayment. **Id.**

12. Based on the facts and case law presented in Unum's motion, the Court finds that Unum has satisfied its burden of demonstrating the absence of a genuine issue of material fact. Because Mr. Alamos has failed to meet proof with proof, Unum is entitled to judgment as a matter of law in the amount of $49,218.33.

Unum also requests pre- and post-judgment interest, attorney's fees, and costs, but it has not briefed those issues or set forth appropriate calculations to make such awards. Unum may file an appropriate motion addressing those issues if it so chooses.

**IT IS THEREFORE ORDERED** that Unum's **Motion for Summary Judgment** (document #12) is hereby **granted**. Judgment in the amount of $49,218.33 will be entered under separate order.

**IT IS SO ORDERED.**

                                         /s/ Jimm Larry Hendren
                                         **JIMM LARRY HENDREN**
                                         **UNITED STATES DISTRICT JUDGE**